**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

Filed Electronically on December 18, 2006

| | | |
|---|---|---|
| 1st HOME LIQUIDATING TRUST, ET. AL., Plaintiff, | ) | |
| v. | ) | No. 95- 250C(Judge Smith) |
| THE UNITED STATES, Defendant. | ) | |

RESPONSE TO 12/1/5/06 MOTION FOR LEAVE

Plaintiff 1st Home Liquidating Trust respectfully responds to the government's motion for leave to cite supplemental authority.

First, 1st Home agrees the Court should decide the pending motions. Reassignment would be inefficient and dilatory, given that extensive briefing (twice) and argument (in October 2003) on the motions has already occurred before this Court. Instead, this Court should decide the pending motions promptly.

Second, although 1st Home does not object to the government's new citation of authority, the facts of the Caroline Hunt Estate case ("*CHTE*") are rather different, and to that extent unhelpful here. To the extent the decision is applicable, however, it strongly supports 1st Home's position that an enforceable *Winstar* contract exists in this case.

In *CHTE*, the Federal Circuit reaffirmed the core *Winstar* principle that a contract is formed in these cases "if three elements are met: mutual intent to contract including an offer and acceptance, consideration, and a government representative who had actual authority to bind the government." Slip op. at 8 (quoting *La Van v. United States*, 382 F.3d 1340 1346 (Fed. Cir. 2004). Even though, as in 1st Home's case, CHTE involved no written contract between the parties, the Federal Circuit agreed that the evidence established these elements and a *Winstar* contract thus was formed. Importantly, and contrary to the characterization in the government's

motion for leave, the Federal Circuit specifically agreed that the regulatory application involved in CHTE -- the "H-(e)3 application" -- constituted an offer to contract. *Id. at* 8-9 ("The trial court . . . .properly found that 'in its H-(e)3 Application', CHTE made an offer to the government to acquire troubled thrifts through the vehicle of its subsidiary SSA..") (citation omitted).

1st Home made a comparable offer, the government accepted it, consideration flowed both ways and a *Winsta*r contract was thus formed in this case as well for the reasons laid out more fully in 1st Home's summary judgment papers. As explained there, Internal FHLBB memoranda recommending approval of 1st Home's conversion (which restated the terms offered in the Business Plan filed with the Application for the conversion and specifically referenced both goodwill and the accounting treatment thereof) demonstrate that the government understood that goodwill and its amortization was clearly on the table and available as a condition of the transaction. *See* Exh. 8 to Pls' MSJ at 387, 396. In addition, the "mirror image" acceptance in FHLBB Resolution 85-1214 memorialized the government's manifest assent to the terms of the offer, articulating its intention to be bound "*in accordance with the terms of the Application*." *See* Exh. 11 to Pls' MSJ at 435 (emphasis added). [1]

Respectfully submitted,

/s/ Jerry Stouck

December 18, 2006

JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Fifth Floor
Washington, D.C. 20006
Telephone: 202.331.3100
Telefax: 202.261.4751
*Attorney for 1st Home Liquidating Trust*

[1] The supervisory agent's post hoc assertions re contract formation upon which the government relies on pages 5-6 should be disregarded.