**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| 1ST HOME LIQUIDATING TRUST, et al., Plaintiffs, | ) | |
| v. | ) | No. 95-250C (Senior Judge Loren A. Smith) |
| THE UNITED STATES, Defendant. | ) | |

**GOVERNMENT RESPONSE TO NOTICE OF FILING OF AMENDED COMPLAINT, MOTION FOR ENTRY OF PARTIAL JUDGMENT UNDER RULE 54(b), AND REQUEST FOR PROMPT STATUS CONFERENCE**

In response to this Court's opinion and order dated May 11, 2007, 1st Home Liquidating Trust v. United States, 76 Fed. Cl. 731 (2007) ("May 11 Decision"), 1st Home Liquidating Trust and the Trustees (collectively "The Trustees") filed a Notice of Filing of Amended Complaint, a Motion for Entry of Partial Judgment Under Rule 54(b), and a Request For Prompt Status Conference, as well as an Amended Complaint. The Trustees assert in the Notice of Filing of Amended Complaint that they have identified Trust beneficiaries with standing to assert breach of contract claims against the United States relating to the 1986 conversion of 1st Home Federal Savings and Loan of the Carolinas ("1st Home Federal") from a mutual to stock form.

According to the Trustees, the beneficiaries with standing consist of those who were original investors in the conversion (identified in Count I of the Amended Complaint), those who succeeded to the original investors' interest in the conversion shares through inheritance (Count II of the Amended Complaint), and those who succeeded to the original investors' shares as a result of the distribution of partnership assets to partners or by virtue of the distribution of shares

through a decree of divorce (Count III of the Amended Complaint).

The attorney for the Trustees concedes that beneficiaries who purchased their shares from original investors, but were not themselves original investors, lack standing to pursue breach of contract claims related to the conversion, and the Trustees have preliminarily determined that these individuals lack standing. Notice Of Filing Of Amended Complaint, Motion For Entry Of Partial Judgment Under Rule 54(b) And Request For Prompt Status Conference ("Notice of Filing"), at 8-9. While the Trustees "have decided not to make any final determination that any particular beneficiary is not entitled to standing under the Court's May 11 Opinion," the Trustees have not named non-investor purchasers of shares as parties to the Amended Complaint.

Upon the assumption that the Government's Motion For Reconsideration will be denied and that the plaintiffs with standing will be awarded summary judgment on their claims for "money-back" restitution, the Trustees seek to have this Court make an "express determination that there is no just reason for delay" and an "express direction for the entry of judgment" with respect to the plaintiffs identified in Counts I-III of the Amended Complaint. RCFC 54(b).[1]

---

[1] The Trustees cavalierly assert that our motion for reconsideration must be denied because the motion "re-argues points the government previously raised and the Court properly rejected." Notice of Filing at 11. No substantiation is offered to support the contention and it is invalid. As our motion makes clear, this Court misconstrued both facts and law when it concluded that the conversion transaction created a "contract," that FIRREA effected a "material breach," and that 1st Home Federal and the investors did not engage in a "prior material breach" by amortizing the goodwill over 25 years under a straight line method rather than 12 years under a level yield method." Government Motion For Reconsideration Of Opinion And Order Dated May 11, 2007 at 5-14. As demonstrated in our motion, "[T]here was no regulatory capital contract to begin with, and, even if there was, 1st Home Federal's breach preceded the Government's breach, and the Government's breach did not affect the value of the bargain. Unless the motion for reconsideration is granted, the Government will suffer from the 'manifest injustice' of paying restitution for a breach that never materially affected performance." Id. at 2 (citation omitted).

There are some Trust beneficiaries the Trustees have not yet identified. Also the Trustees anticipate that some Count IV beneficiaries and original investors or successors who are not beneficiaries may seek to intervene and assert breach of contract "money-back" restitution claims relating to the conversion. Thus, the Trustees contend that "the remainder of this case . . . [should] remain pending in this Court, both 1) to provide other Trust beneficiaries an appropriate amount of time to attempt to pursue claims on their own, and 2) to recognize that the Trustees' attempts to locate or obtain additional information about some number of beneficiaries is still ongoing." Notice of Filing at 10.

As we demonstrate below, aside from the individuals identified in Counts I-III of the Amended Complaint, there are no individuals or entities with standing to assert "money-back" restitution claims against the United States for breach of contract relating to the conversion. Accordingly, if the Court denies the Government's motion for reconsideration, and the May 11 opinion and order stands as the law of the case, the Court should enter a final judgment in favor of the Trust beneficiaries identified in Counts I-III of the Amended Complaint. Entering this final judgment will terminate the action in this Court after approximately 12 years of active litigation,[2] avoid the risk of piecemeal appeals, and satisfy the ends of justice by expediting the final resolution of the claims. This is the most efficient way to proceed. There is no need to make the express determinations required by RCFC 54(b) or to allow the docket to remain open

[2] Counsel for the Trustees has represented to counsel for the United States that the Trustees have no intention of pursuing the remaining claims in the Amended Complaint once a final judgment is entered with respect to the claims for "money back" restitution advanced by beneficiaries with standing to pursue such claims. We anticipate that if the Court enters final judgment pursuant to RCFC 56(a) and 58(a) in favor of the plaintiffs identified in Counts I-III of the Amended Complaint, the parties will voluntarily dismiss the remainder of the counts pursuant to RCFC 41(a)(1).

in anticipation of future claims for relief.

## ARGUMENT

### I. ONLY THE PLAINTIFFS IDENTIFIED IN COUNTS I-III OF THE AMENDED COMPLAINT HAVE STANDING TO ASSERT CLAIMS FOR "MONEY-BACK" RESTITUTION UNDER THE MAY 11 DECISION

The May 11 Decision recognizes that only original investors in the conversion possess standing to assert claims for "money-back" restitution and that the Trustees have standing to assert claims for "money-back" restitution only on behalf of Trust beneficiaries who were also original investors or successors to original investors. 76 Fed. Cl. at 743. Pursuant to the order granting leave to file an Amended Complaint, the Trustees have filed an Amended Complaint naming Trust beneficiaries who were original investors ("Count I Plaintiffs"), Trust beneficiaries who succeeded to the conversion shares upon the death of original investors ("Count II Plaintiffs"), and Trust beneficiaries who either succeeded to the shares of original investors because of the dissolution of partnerships which were original investors, or a decree of divorce dividing the original investors' shares between the original investor and his or her spouse ("Count III Plaintiffs").

While current beneficiaries who were not original investors but, instead, purchased their shares, are identified in Count IV of the Amended Complaint, these individuals are not named as parties. As noted in the Notice of Filing, the Trustees were advised by counsel that these individuals lack standing under the May 11th decision. Despite not naming these individuals as parties, however, the Trustees argue that the Court should not enter a final judgment in order to accord these and other potential plaintiffs (such as original investors who are not current Trust beneficiaries and Trust beneficiaries who have not yet been identified) an opportunity to seek to

intervene in the action.

While we agree with the Trustees' counsel that the individuals identified in Count IV of the Amended Complaint lack standing, see, e.g. Glass v. United States, 258 F.3d 1349, 1353-55 (Fed. Cir. 2001) (an investor who is not a contract party lacks standing to sue for "money-back" restitution); Castle v. United States, 301 F.3d 1328, 1337-40 (Fed. Cir. 2002) (same), we do not agree that a partial final judgment as to the Count I-III plaintiffs should be entered if the Court denies reconsideration. Instead, if that motion is denied, the Court should enter a final judgment pursuant to RCFC 56(a) and 58(a) disposing of the litigation and enabling the Government to appeal.

Although the Trustees argue that the docket should remain open to allow the individuals identified in Count IV to assert standing as well as to allow as yet unidentified Trust beneficiaries and original investors who are not Trust beneficiaries but who may seek to intervene to assert standing, this is contrary to Rule 16's admonition that "the disposition of the action [should be] expedited," and RCFC 1's requirement that the rules be construed to "secure the just, speedy, and inexpensive determination of every action." The case has been pending in this Court since 1995. Any procedures to expedite final disposition will advance the requirements of the rules.

The assumptions behind the Trustees' position is (1) that there may be some question as to whether the individuals identified in Count IV of the Amended Complaint have standing; (2) that original investors who are not Trust beneficiaries may have standing and should be accorded an opportunity to intervene; and (3) that the Court should allow more time for the identification of current beneficiaries and to determine whether some or all might have standing.

None of these assumptions are valid or outweigh the Government's interest in having a final disposition of the litigation.

First, with respect to the individuals identified in Count IV of the Amended Complaint, they hold their shares as purchasers for value and there is no contention that their names appear on the regulatory records purporting to form the contract between 1st Home Federal, the investors, and the Federal Home Loan Bank Board ("FHLBB"). See Exhibit 20 to Appendix Of Exhibits To Plaintiffs' Motion For Summary Judgment On Contract Liability And Money-Back Restitution For Breach Of Contract ("Plaintiffs' Appendix"). As noted in Castle:

> [O]nly Castle and Harlan have standingto sue for breach of the alleged contract because only Castle and Harlan signed any document constituting the alleged contract. The remaining shareholders are not parties

301 F.3d at 1337; see also Glass, 258 F.3d at 1352-52 (investors who did not sign the contract documents are neither contract parties nor third party beneficiaries); La Van v. United States, 53 Fed. Cl. 290, 302 (2002) (same). As Trustee Stone acknowledges in his declaration: "The Trustees understand that the advice they have obtained about the status of these beneficiaries reflects both precedent from this Court, and the anti-assignment statutes, and case law thereunder prohibiting assignment of claims against the United States." Declaration of William E. Stone, Attachment A to Notice of Filing, ¶ 7C. As the Trustees note, there is no evidence the investors who originally owned the stock assigned their contract rights to the individuals identified in Count IV, or that such an assignment, if attempted, would have been valid under the Anti Assignment Act. Notice of Filing at 5; see, e.g., Pittman v. United States, 127 Ct. Cl. 173, 116 F. Supp. 576 (1953) (anti-assignment statute prevents the assignment of non-perfected claims).

Second, the Trustees erroneously assume that original investors who are not Trust

beneficiaries might have standing to intervene. For example, while investor Gerald Parsky was determined to have standing to file his complaint outside the period of the statute of limitations in Bank of America v. United States, 51 Fed. Cl. 500, 512-15 (2002), aff'd, Bank of America, FSB v. Doumani, 2007 WL 2137774 (Fed. Cir. 2007), because he sought damages relating to thrift losses, he was denied standing in Southern Cal. Fed. Sav. & Loan Ass'n v. United States, 52 Fed. Cl. 444, 455-58 (2002), aff'd in part, reversed in part, vacated and remanded, 422 F.3d 1319 (2005), because his complaint for "money back" restitution, which was filed after the expiration of the statute of limitations, did not relate back to the thrift's lost profits claim or other investors' "money-back" restitution claims. See also Castle v. United States, 48 Fed. Cl. 187, 195-198 (2000), vacated and remanded in part, aff'd in part, and rev'd in part, Castle v. United States, 301 F.3d 1328 (2002) (FDIC permitted to intervene with untimely complaint as real party in interest to assert investors' derivative claims); Holland v. United States, 62 Fed. Cl. 395, 401-408 (2004) (thrift's successor in interest allowed to intervene as real party in interest to assert claims mistakenly asserted by investors). The Court held that investor Parsky's "money-back" restitution claim did not relate back to the restitution claims of other investors because Mr. Parsky "is a party with his own claims who possessed an independent ability to sue in his own right." Southern Cal. Fed., 52 Fed. Cl. at 457, citing Hatter v. United States, 38 Fed. Cl. 166, 179 (1997), rev'd on other grounds, 203 F.3d 795 (Fed. Cir. 2000), aff'd in part, rev'd in part on other grounds, 532 U.S. 557 (2001).

In this case, if an original investor who is not a current Trust beneficiary attempts to intervene, his or her complaint would be untimely under the statute of limitations: it would not relate back to 1st Home Federal's and the Trustee's complaint because he or she "is a party with

his own claims who possessed an independent ability to sue in his own right." Id. Accordingly, the statute of limitations precludes any original investor who is not a Trust beneficiary from pursuing his or her claim for "money-back" restitution against the United States.

Finally, there is no basis upon which to enter a partial judgment pursuant to RCFC 54(b) because unidentified current Trust beneficiaries theoretically could learn of the action and ask the Trustees to assert claims on their behalf at some later time. Trustee Stone notes in his declaration that "Promptly after the May 11 decision . . . [the Trustees] set out to identify those Trust beneficiaries who qualify under that decision as either 'original investors' or 'legal successors in interest,' and thus are entitled to restitution . . ." Declaration at ¶ 6. As of August 14, 2007, the Trustees had received responses to approximately 135 notices sent to Trust beneficiaries identified as such in the books and records of the Trust. Id. at ¶ 7. Thus, the Trustees have had approximately 15 weeks since the May 11 decision to locate and notify beneficiaries and have received responses from the vast majority of the identified beneficiaries.

While it appears that the Trustees have no records concerning beneficiaries holding approximately 16 percent of the shares in the Trust, they have had ample time to locate all beneficiaries and there is no reason to believe they would locate additional beneficiaries if the docket remains open.[3] Indeed, counsel for the Trustees has represented that the Trustees have contacted most or all of the beneficiaries for whom they have records and are no longer actively

---

[3] According to the Amended Complaint, identified beneficiaries with standing represent shares having a value of approximately $24.5 million (i.e., the sum of the values of the outstanding shares of plaintiffs named in the Amended Complaint), while the identified beneficiaries who acquired their shares through purchase and, therefore, lack standing hold shares equal to approximately $2,775,000. Count IV, Amended Complaint. This means the Trustees have accounted for approximately $27,275,000 of the original investment in 1st Home Federal of $32.5 million.

searching for additional Trust beneficiaries. Accordingly, it is unlikely that additional Trust beneficiaries will be identified beyond those to whom the Trustees have already circulated in excess of 135 notices concerning their rights under the May 11 decision.

In short, if this Court denies the Government's motion for reconsideration, the Court should terminate the docket by entering a final rather than a partial judgment. This would allow the Government to appeal, would eliminate the possibility of piecemeal appeals, and would serve this Court's interest in a reasonably prompt final termination of the action.

## II. <u>RCFC 54(B) IS NOT APPLICABLE TO THIS ACTION</u>

As the Trustees point out, pursuant to RCFC 54(b):

> Judgment Upon Multiple Claims or Involving Multiple Parties.
>
> When more than one claim for relief is presented in an action . . . . or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

While the Trustees recognize that they seek a final judgment as to the claims of all the identified plaintiffs, they claim Rule 54(b) is applicable because "the new plaintiffs named in the Amended Complaint may not necessarily be all possible plaintiffs who have standing under the May 11 Opinion, and thus are entitled to restitution pursuant to that opinion." Notice of Filing at 13. Presumably the Trustees believe that RCFC 54(b) applies because they are named plaintiffs and they may represent the interests of unnamed plaintiffs who may be found to have standing at some time in the future.

The fact of the matter, however, is that all the Trust beneficiaries the Trustees believe

have standing are named as plaintiffs in the Amended Complaint. There is no evidence there are reasonably identifiable additional Trust beneficiaries with standing who may be represented by the Trustees as plaintiffs. The Trustees cite no case law, and we are aware of none, which would indicate that a judgment in favor of all the identified Trust beneficiaries named as plaintiffs in the Amended Complaint is something less than a judgment as to "all . . . parties" rather than "as to one or more but fewer than all . . . parties . . ." RCFC 54(b). Given the effort already expended by the Trustees to identify and communicate with all Trust beneficiaries, they no longer represent these beneficiaries, since the beneficiaries now represent themselves. Nor are there other Trust beneficiaries the Trustees now represent. Accordingly, the Trustees in effect seek a final judgment as to all claims and parties and the motion for a RCFC 54(b) partial judgment lacks merit.

## CONCLUSION

For these reasons, the Court should deny plaintiffs' motion for the entry of a partial final judgment in favor of the individual plaintiffs identified in Counts I-III of the Amended Complaint.

Respectfully submitted,

MICHAEL HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

s/David A. Levitt
DAVID A. LEVITT
Trial Attorney
Commercial Litigation Branch
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0309
Fax: (202) 514-7965

Attorneys for Defendant

August 29, 2007

**CERTIFICATE OF FILING**

I hereby certify that on August 29, 2007 a copy of the foregoing "Government Response To Notice Of Filing Of Amended Complaint, Motion For Entry Of Partial Judgment Under Rule 54(b), And Request For Prompt Status Conference" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Levitt