**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

Filed Electronically: September 19, 2007

| | |
|---|---|
| 1ST HOME LIQUIDATING TRUST, et al.<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 95-250C<br>(Senior Judge Loren A. Smith) |

1st HOME'S BRIEF IN SUPPORT OF
MOTION FOR ENTRY OF PARTIAL JUDGMENT UNDER RULE 54 (b)

The government's demand that this case be terminated and final judgment entered now is both inappropriate and unfair.

The demand is inappropriate because there are aspects of this case, including disputed issues, that have not yet been resolved by this Court. The government's demand is unfair because the Court already ruled in its May 11 opinion that the government is liable for up to $32.5 million in restitution, and the government cites no good reason why the trustees ("Trustees") of 1st Home Liquidating Trust (the "Trust") should not be given fulsome opportunity to try to assure that ***all*** trust beneficiaries who are entitled to a share of that restitution are located and accounted for in the final disposition of this case. To cut off the Trustees' opportunity to do so would be particularly unfair because they ***are*** trustees, and should be given further opportunity to attend to the interests of the Trust beneficiaries. Indeed, to terminate this case now as the government requests would leave

more than $5 million of the $32.5 million unaccounted for by the government's own calculation, *see* Gov't Response at 8 n.3, thus exposing the government's position for what it is – an effort to deny the largest possible and appropriate recovery under the May 11 opinion, and thus save the government money.[1]

DISCUSSION

Initially, it is worthwhile to note the extent to which the parties' agree with respect to the entry of judgment in accordance with the May 11 opinion. In the government's own words:

> [I]f the Court denies the Government's motion for reconsideration, and the May 11 opinion and order stands as the law of the case, the Court should enter a final judgment in favor of the Trust beneficiaries identified in Counts I-III of the Amended Complaint.

*Id.* at 3. In other words, assuming its reconsideration motion is denied, the government agrees that judgment should be entered in favor of the new plaintiffs added to the amended complaint (those plaintiffs being the same as the Trust beneficiaries named in Counts I-III of the amended complaint), and the government also presumably agrees that the amount of the judgment in favor of each such new plaintiff should be the amount set forth in the amended complaint (the latter point is not stated by the government but seems implicit).

The disagreement between the parties is simply whether the judgment they otherwise agree on should be final or partial.

The government's demand for final judgment is premised on the following assertion: "aside from the individuals identified in Counts I-III of the Amended

[1] As explained on p. 4, due to recent developments only about $3.5 million of the $32.5 million in restitution discussed in the May 11 opinion remains unaccounted for.

Complaint, *there are no individuals or entities with standing* to assert 'money-back' restitution claims against the United States for breach of contract relating to the conversion." *Id.* That premise is not true, and certainly cannot and should not be taken as true at this stage of proceedings. To the contrary, the statement that "there are no other individuals or entities with standing" is simply the government's litigation position. And as noted above, it would be both inappropriate and unfair for the Court to accept this self-serving statement, and the support the government offers for it, without the opportunity for further adjudicatory proceedings.

The government's statement is untrue because the Trustees are aware of a number of "original investors" in the 1st Home Federal conversion who are not beneficiaries of the Trust, and for that reason have not as yet been made plaintiffs in this action. Under the May 11 opinion, it appears that these original investors should be entitled to recover restitution no less than the original investors who are now Trust beneficiaries. The government argues at some length that it has defenses to claims by original investors who are not now Trust beneficiaries, *see* Gov't Response at 6-8, but the fact of the matter is that this Court has not resolved or even addressed those defenses.

The government similarly attempts to support its claim of "no other individuals or entities with standing" by identifying two other subgroups, and arguing that those groups should not be allowed to recover restitution either. The first group consists of persons who have purchased 1st Home shares for consideration subsequent to the 1986 conversion. Although it is true (as the government points out, *see id.* at 2) that the Trustees have been advised by counsel that these persons "likely" do not have standing under the May 11 opinion, it is also true (as the government also points out, *see id.*) that

the Trustees have not made any final determination in that regard – and given the Trustees' role, it would be inappropriate for them to do so. Here again, only this Court can adjudicate the question whether purchasers for value have standing to recover, and no such adjudication has yet occurred.

The government also argues that a third group of "other individuals and entities," those Trust beneficiaries "who have not yet been identified," *see id.* at 4, also should be foreclosed now from ever obtaining restitution, regardless whether or not they otherwise may qualify and have standing under the May 11 opinion. *See id*. at 8-9. Although the government's response is generally accurate in reporting on discussions between counsel for the parties, there is one inaccuracy regarding this subgroup. It is not true, as the government's response states, that the Trustees "are no longer actively searching for additional Trust beneficiaries." *See id.* at 8-9. That search is not only ongoing, but has already borne fruit in the month since the amended complaint and the Trustees' motion for partial judgment was filed on August 16, 2007. Specifically, subsequent to that filing the Trustees have identified RTP Limited Partnership as a beneficiary with a Trust interest equal to 150,000 shares of 1st Home Federal (and thus entitled to restitution of $1.5 million under the May 11 opinion), and have also identified the IRA of Raymond Tiernan as a beneficiary with a Trust interest equal to 2,500 shares of 1st Home Federal (and thus entitled to restitution of $25,000 under the May 11 opinion).

To be clear, the Trustees' ongoing effort is not merely to "locate" additional Trust beneficiaries who may have standing under the May 11 opinion, but to attempt to verify the circumstances that give that beneficiary standing and entitle the beneficiary to recover restitution under the May 11 opinion. Due to the passage of time, the number of Trust

beneficiaries and intervening events like deaths and the like, the Trustees' investigative task is far from easy – but it is ongoing.

At bottom, the government offers no good reason to terminate this case now, and there is no good reason. Saving the government the cost of paying restitution to "other individuals and entities" who may well be entitled to restitution – but have not yet been added as plaintiffs in this action due to circumstances the Trustees have outlined – is not a good reason to cut off prematurely the rights of those individuals and entities.

To the contrary, there is every good reason to enter a partial final judgment now under Rule 54(b), in favor of the beneficiaries that have already been added to this action (and the two others noted above, as to whom the Trustees will file an appropriate motion), and reserve until later the task of adjudicating whether or not there are "other individuals and entities" who have standing to recover restitution under the May 11 opinion. In the words of Rule 54(b), "there is no just reason for delay" in entering such a partial judgment, and *every just reason* to reserve the remaining issues for later adjudication. [2]

In essence, the claims of those beneficiaries who obtain final judgment now will be "test cases" that will allow an appeal to the Federal Circuit on the basic, common issues of contract formation and breach, and entitlement to restitutionary relief. If the government prevails in that appeal, there is no need to address the other unresolved claims and issues. In that event, all parties and the Court are spared unnecessary effort and expense. But if the "test case" beneficiaries prevail on appeal, as the Trustees expect

[2] Rather than file successive motions to again amend the complaint if the Trustees find that more beneficiaries are also entitled to recover restitution, the Trustees will wait as long as possible, and at least until the status conference the Court plans to hold, to seek further leave to amend.

and as this Court has already in effect "predicted," then the remaining claims and issues outlined above can be addressed and resolved with the knowledge that the outcome of these issues is meaningful.

CONCLUSION

For the reasons set forth above and in the Trustees original motion for partial judgment under Rule 54(b), that motion should be granted.

Respectfully submitted,

s/Jerry Stouck

Jerry Stouck
Greenberg Traurig, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006
(202) 331-3173
(202) 261-4751

Counsel of Record for
1st Home Liquidating Trust, and
William E. Stone and
Everette E. Mills, III, Trustees

Of Counsel:
Robert A. Caplen
Greenberg Traurig, LLP

*WDC 371497194v1 9/19/2007*